# NO. 12-22-00019-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *GLENN CALDWELL, JR.,* *APPELLANT* | § | *APPEAL FROM THE 7TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *SMITH COUNTY, TEXAS* |

### *MEMORANDUM OPINION*
### *PER CURIAM*

Glenn Caldwell, Jr., appeals his conviction for the offense of injury to a disabled individual. Appellant's counsel filed a brief in compliance with ***Anders v. California***, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967) and ***Gainous v. State***, 436 S.W.2d 137 (Tex. Crim. App. 1969). We affirm.

## BACKGROUND

Appellant was indicted for the offense of injury to a disabled individual.[1] The event arose from the historic February 2021 winter storm in Texas. Specifically, Appellant's intellectually disabled seventeen-year-old daughter under his care, custody, and control, required both of her legs to be amputated below the knee from injuries she sustained as a result of frostbite and the ensuing gangrenous dead tissue in her feet and legs.

Appellant made an open plea of "guilty" without an agreement as to punishment. Appellant and his trial counsel also signed a stipulation of evidence establishing all the elements of the offense, an agreement to stipulate testimony, a waiver of jury trial, and an

---

[1] *See* TEX. PENAL CODE ANN. § 22.04(a), (e) (West Supp. 2021).

acknowledgement of admonishments. A presentence investigation (PSI) report was prepared, and the trial court later conducted a sentencing hearing.

At the hearing, the State presented testimony from the victim's treating trauma surgeon, the investigations supervisor from child protective services (CPS), and the investigating detective from the Smith County Sheriff's Office. The State also presented other evidence from their investigation such as photographs depicting the victim's injuries and the living conditions in the family home at the time.

This evidence shows that Appellant, his adult son, and intellectually disabled teen daughter resided in a dilapidated single-wide three-bedroom trailer home. Each resident had their own room. However, the victim's room had a window frame without a window covered only by a curtain, completely exposed to the outside elements. The evidence showed that the freeze from the winter storm lasted approximately from February 12, 2021, through February 21, and that the roads were clear to be driven on February 22. The home lost power for two days during the storm. However, once power was restored, the record shows that Appellant used three space heaters: one placed in his room, one in his son's room, and one in the bathroom. The victim had no heater in her room. During the storm, she slept either in her room, on the couch in the living room, or on a mattress near the oven, using it as a heat source.

Appellant admitted that he became aware of the injuries to the victim's feet on February 23rd or 24th, after the roads were clear enough to navigate. Furthermore, Appellant owned an operable motor vehicle, and went back to work daily thereafter. The victim's condition continued to deteriorate. The photograph evidence shows extensive amounts of blood on the victim's bed, the floor throughout the home, the couch, and the mattress upon which she slept near the oven, as well as her bedding and clothes. According to the investigators, the home had a notable odor that made them nauseous.

On February 26, a neighbor witnessed the victim crawling in the front yard, unable to walk. This was because the pipes in the home had burst due to the storm, and the only source of water was an exterior spigot, to which the victim crawled for a drink of water while Appellant was at work.

Even though her condition continued to deteriorate, Appellant did not take the victim for treatment until March 1. Due to her extensive injuries from frostbite and the ensuing gangrenous tissue, both of her legs had to be amputated below the knee. The investigators noted in their

interview that Appellant was "short" with his answers, was unwilling to make eye contact, and seemed to have a lack of concern regarding his part in the victim's condition.

At the conclusion of the hearing, the State requested a fifty-year sentence, while defense counsel argued for a term of community supervision for a ten-year period. Ultimately, the trial court assessed his punishment at thirty-five years of imprisonment. This appeal followed.

## ANALYSIS PURSUANT TO *ANDERS V. CALIFORNIA*

Appellant's counsel filed a brief in compliance with *Anders v. California* and *Gainous v. State*. Appellant's counsel states that she diligently reviewed the appellate record and is of the opinion that the record reflects no reversible error and that there is no error upon which an appeal can be predicated. She further relates that she is well acquainted with the facts in this case. In compliance with *Anders*, *Gainous*, and *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. [Panel Op.] 1978), Appellant's brief presents a chronological summation of the procedural history of the case and further states that Appellant's counsel is unable to raise any arguable issues for appeal.[2] We have likewise reviewed the record for reversible error and have found none.

## CONCLUSION

As required by *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991), Appellant's counsel moved for leave to withdraw. *See also **In re Schulman***, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008) (orig. proceeding). We carried the motion for consideration with the merits. Having done so and finding no reversible error, Appellant's counsel's motion for leave to withdraw is hereby *granted* and the trial court's judgment is *affirmed*.

As a result of our disposition of this case, Appellant's counsel has a duty to, within five days of the date of this opinion, send a copy of the opinion and judgment to Appellant and advise him of his right to file a petition for discretionary review. *See* TEX. R. APP. P. 48.4; *In re Schulman*, 252 S.W.3d at 411 n.35. Should Appellant wish to seek review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for

---

[2] In compliance with *Kelly v. State*, Appellant's counsel provided Appellant with a copy of the brief, notified Appellant of her motion to withdraw as counsel, informed Appellant of his right to file a pro se response, and took concrete measures to facilitate Appellant's review of the appellate record. *See Kelly v. State*, 436 S.W.3d 313, 319 (Tex. Crim. App. 2014). Appellant was given time to file his own brief. The time for filing such a brief has expired, and no pro se brief has been filed.

discretionary review on his behalf or he must file a petition for discretionary review pro se. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the date that the last timely motion for rehearing is overruled by this Court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with the Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 68.3(a). Any petition for discretionary review should comply with the requirements of Texas Rule of Appellate Procedure 68.4. *See **In re Schulman***, 252 S.W.3d at 408 n.22.

Opinion delivered August 17, 2022.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**AUGUST 17, 2022**

**NO. 12-22-00019-CR**

**GLENN CALDWELL, JR.,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 7th District Court
of Smith County, Texas (Tr.Ct.No. 007-1196-21)

THIS CAUSE came to be heard on the appellate record and brief filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*